## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **MARQUIES NEWTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:24-cv-00001-CDL-CHW** |
| **v.** | : | |
| | : | |
| **Sheriff MICHAEL MOORE,** *et al.,* | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## ORDER

*Pro se* Plaintiff Marquies Newton, an inmate at the Madison County Jail in Danielsville, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the statutory provision that he pay a partial initial filing fee (ECF No. 4). That partial initial filing fee has been paid.

### INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). In this case, Plaintiff complains about being arrested for criminal charges in Madison County around September 27, 2021. ECF No. 1 at 6. He also complains about another arrest in Madison County on January 5, 2017, and the conditions of his bond for that arrest. *Id.* at 11-12. Plaintiff raises additional claims about the response

he received from Madison County jail officials when he complained about medical issues on October 26, 2021. *Id*. at 6-11. Next, he contends that another inmate threatening to kill him on November 17, 2021, and that jail officials when failed to respond adequately to address the threat. *Id*. at 10-11. These claims involve entirely separate events on different dates and with different defendants.

A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp*., 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

The mere fact that events occur in one prison or jail does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). The Court "has broad

discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (citations omitted). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees". *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007).

Accordingly, if Plaintiff wishes to pursue each of these unrelated claims, he must file separate complaints on the Court's required 42 U.S.C. § 1983 form, and those complaints cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

Plaintiff's allegations regarding his arrests in 2017 and 2021 currently fail to state a claim for relief under § 1983. Plaintiff's complaint is unclear as to whether the criminal charges from those arrests have been resolved in his favor or whether he is awaiting trial on these matters. If Plaintiff has been convicted of these charges, he may not pursue a claim in federal court that would render a conviction or sentence invalid until he first shows that the conviction or sentence has already been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Luke v. Gulley*, 50 F.4th 90, 95 (11th Cir. 2022) (internal quotation marks omitted) (finding that a plaintiff must prove in a § 1983 malicious prosecution claim that (1) "the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process" and (2) "the criminal proceedings against [the

plaintiff] terminated in his favor."); *Josey v. Tex. Dep't of Pub. Safety*, 101 F. App'x 9, 10 (5th Cir. 2004) (dismissing, under *Heck*, pretrial detainee's § 1983 lawsuit where he claimed, inter alia, that there was no probable cause for his arrest, when resolving the claims in his favor would undermine the validity of his potential conviction). If Plaintiff's criminal charges are still pending, the principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies).

Because a ruling in this federal civil case could impugn any current criminal prosecution of the Plaintiff in the state courts for the 2017 and 2021 arrests of which the Plaintiff complains, the district court must allow the state court to resolve the criminal prosecution of the Plaintiff prior to any enquiry into Plaintiff's civil rights violation claims. *Wallace v. Kato,* 549 U.S. 384, 393-394 (2007) (concluding that if a plaintiff files a claim related to rulings that *will likely be made* in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case has ended); *Younger*, 401 U.S. 37 at 46 (finding that the fact that a plaintiff must endure a state criminal

prosecution fails to demonstrate the irreparable harm required for federal court intervention).   In sum, if Plaintiff's criminal case is ongoing in the state courts from his 2017 and 2021 arrests or if he was convicted for charges from those arrests and those convictions have not otherwise been rescinded, his present civil rights claims under § 1983 are subject to dismissal.

Plaintiff's claims also appear to be barred by the statue of limitations. Although the complaint raises allegations about events from 2017 to 2021, Plaintiff did not file a complaint until 2024.   ECF No. 1 at 10.   The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury, and for Georgia that period is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003).   The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.   *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).   In this case it appears the statute of limitations began to run in February 2019, and thus more than two years passed before Plaintiff filed this suit. Therefore, Plaintiff's claims are facially barred by the two-year statute of limitations and this complaint is subject to dismissal.   *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justify dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expiration of the statute of limitations are time-barred).

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).   Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with this civil action.   Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his arrests and incarceration at the Madison County Jail beginning in 2017, as he appears to have done in the present complaint.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.   It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)   What did this Defendant do (or not do) to violate your rights?   In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)   Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?   If not, how did his/her actions

otherwise cause the unconstitutional action?    How do you know?[1]

    (3)    When and where did each action occur (to the extent memory allows)?

    (4)    How were you injured because of this Defendant's actions or inactions?

    (5)    What legally permissible relief do you seek from this Defendant?[2]

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007).    Thus, Plaintiff's amended complaint will take the place of his original complaint.    In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Additionally, Plaintiff should state his claims as simply as possible, referring only to the relevant allegations against the named defendants in this case.    If Plaintiff fails to

---

[1] Police Commissioners, Sheriffs, Captains, and other supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

[2] Plaintiff currently seeks "freedom" as a requested relief from this Court.    ECF No. 1 at 14.    Release from incarceration is not available as a remedy in a § 1983 action.    *Heck*, 512 at 481.    "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release". *Id*. Therefore, district courts lack the authority in a § 1983 action to grant a plaintiff release from custody.    *Id*.

link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with … Rule 20(a)).

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8. Plaintiff need not use legal terminology or cite any specific statute or case law.  Plaintiff is not to include any exhibits or attachments.  ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

As set forth above, an initial review of Plaintiff's complaint reveals that Plaintiff has improperly joined unrelated claims in violation of the Federal Rules of Civil Procedure and most of Plaintiff's claims are subject to dismissal for failure to state a claim for which relief may be granted.   If Plaintiff wishes to proceed with this action, then he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed herein within **FOURTEEN (14) DAYS** from the date of this Order. There shall be **<u>no service</u>** in this case until further order of the Court and Plaintiff shall keep the Court informed of any future address change.   Failure to comply with this Court's order will result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on each) to Plaintiff for his use in complying with this order of the Court.

**SO ORDERED and DIRECTED**, this 29th day of February, 2024.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge

9